ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
CHRISTINE M. PARVAN, ESQ.
Nevada Bar No. 10711
AKERMAN SENTERFITT LLP
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101
Telephone:    (702) 634-5000
Facsimile:    (702) 380-8572
Email: ariel.stern@akerman.com
Email: christine.parvan@akerman.com

*Attorneys for Defendant*
*Aurora Loan Services, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARCO MENDOZA, | Case No.: 2:10-cv-02197-GMN-GWF |
| Plaintiff, | **MOTION TO DISMISS** |
| vs. | |
| AURORA LOAN SERVICES, LLC; STATE OF NEVADA; MARTIN L. WELSH; SUSAN SMOTHERS, | |
| Defendants. | |

Aurora Loan Services, LLC ("Aurora") moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

This motion is based on the pleadings and papers on file herein, along with the following memorandum of points and authorities, all matters of which the Court may take judicial notice, and any oral argument that this Court may entertain should a hearing be scheduled on this matter.

/ / /

/ / /

/ / /

/ / /

{LV017924;1}                     1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff Marco Mendoza attempts to stall foreclosure and eviction by bringing this frivolous action against a number of individuals and entities he believes was connected to his home loan. The Court should dismiss the complaint because Plaintiff defaulted on his loan, making foreclosure appropriate. Plaintiff has cobbled together a 77-page "complaint" that collects a variety of frivolous allegations made by defaulting home loan borrowers against their lenders and servicers. The complaint is comprised of various irrelevant alleged affidavits and "declarations" (which appear to be copied from other unrelated litigation) and information merely copied and pasted from Internet websites. Plaintiff does not plead any facts related to his home loan, nor do he allege any specific misconduct by Defendants. The Court should dismiss the Complaint against Aurora on all counts for failure to state a claim.

## II.

## FACTS AS ALLEGED IN THE COMPLAINT AND PUBLIC RECORDS

The Complaint is essentially devoid of factual allegations. It is unclear to which real property, if any, the Complaint even relates. Apart from the caption, the complaint does not mention any of the Defendants by name or abbreviation. Aurora to dismiss for the complaint's failure to state a claim for relief.

## III.

## LEGAL ARGUMENT

**A.   Applicable Standard**

The Court is familiar with the standard applicable to a motion to dismiss under Rule 12(b)(6); however, the Supreme Court recently clarified the standard in significant ways. Rule 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P 8(a)(2). According to the Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

{LV017924;1}                                                     2

1   accusation." *Id.*, 129 S.Ct. at 1249 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
2   A complaint offering only labels and conclusions or a formulaic recitation of the elements of a cause
3   of action is not sufficient under Rule 8  *Id.*   A complaint also does not suffice if it tenders naked
4   assertions without some factual elaboration. *Id.*  Consequently, to "survive a motion to dismiss, a
5   complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is
6   plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 555).  Although a court must take as true all
7   of a plaintiff's factual allegations, the court is "not bound to accept as true a legal conclusion
8   couched as a factual allegation." *Id.* at 1949-50; *see also Clegg v. Cult Awareness Network*, 18 F.3d
9   752, 754-55 (9th Cir. 1994).

10        Courts have found that Rule 8 also prohibits lumping all defendants together in a complaint,
11  without distinguishing between them or specifying which defendant is targeted by which allegation.
12  *See e.g. Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 960 (S.D. Cal. 1996); *Gauvin v.*
13  *Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (lumping defendants together fails to satisfy
14  Rule 8 notice provision).  Here, Plaintiff makes no direct allegations against Aurora or any other
15  defendant individually.  This improper pleading fails even the liberal Rule 8(a) standard, as recently
16  clarified by *Iqbal* and *Twombly,* and mandates dismissal.

17  **B.    The Complaint is Incomprehensible**

18        Plaintiff's complaint does not satisfy the Rule 8 and *Twombly/Iqbal* pleading standards.  It
19  alleges no facts whatsoever.  The complaint does not reference any specific property, or set out
20  distinct causes of action.  Further, the complaint never refers to any Defendant by name.  Instead, it
21  makes many references to an undefined "Defendant," even though there are multiple defendants
22  listed in the Complaint.  This improper lumping of all defendants is sufficient ground to dismiss the
23  complaint. *Gen-Probe* at 960; *Gauvin* at 1071 (lumping all defendants together fails to satisfy Rule
24  8 notice provision).

25        Under *Twombly* and *Iqbal*, casting legal conclusions as facts is not sufficient pleading. *See*
26  *Iqbal*, 129 S.Ct. at 1951 ("It is the conclusory nature of respondent's allegations, rather than their
27  extravagantly fanciful nature, that disentitles them to the presumption of truth"). Here, the entire 79-
28  page complaint is conclusory.  Plaintiff has alleged absolutely no facts upon which to draw any

{LV017924;1}                                3

conclusions. Therefore, the Complaint against Aurora must be dismissed.

## C.  The Conclusory Allegations are Frivolous

The Complaint refers to a number of legal arguments frequently made by defaulting borrowers. While Plaintiff does not connect these theories to Aurora, they fail as a matter of law.

### 1.  Plaintiff Fails to Plead Claims for Fraud

The caption of the complaint makes reference to "fraud." *See* Compl. at 1. Plaintiff appears to allege fraud generally, along with bank, tax, and wire fraud. *Id*. However, the Complaint is devoid of any facts supporting – or even relating to – these allegations. Any purported fraud claim must be dismissed because it violates Rule 9(b). Claims of fraud may not be lightly made; Rule 9(b) requires that a plaintiff "specify the misrepresentations [and] explain in what way they were false." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984). "A fraudulent misrepresentation occurs when a false representation is made with knowledge or belief that it is false, or with an insufficient basis of information for making the representation, and with intent to induce the plaintiff to act, and the plaintiff relies on the misrepresentation with resulting damages." *Jordan v. State, ex rel., Dept. of Motor Vehicles & Pub. Safety*, 121 Nev. 44, 74, 110 P.3d 30 (2005) (citing *Bartmettler v. Reno Air, Inc.,* 956 P.2d 1382, 1386 (Nev. 1998)).

Here, the Complaint does not allege that Aurora misrepresented a single material fact. The Complaint is also silent on the time and manner of any misrepresentation. For example, the Complaint fails to allege which employees of which defendant he dealt with; detail when meetings or conversations took place; explain what statements were made by defendants' employees; or provide specific facts indicating how Plaintiff relied to his detriment. Courts routinely dismiss these formulaic, threadbare assertions of fraud. *See, e.g., Goodwin v. Executive Tr. Servs.*, Inc., 680 F. Supp. 2d 1244, 1254 (D. Nev. 2009) (dismissing plaintiffs' fraudulent conspiracy claim because details of fraud were lacking) (*citing Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003)); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (same); *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (Rule 9(b) requires plaintiff allege "the time, place, and specific content of the false representations as well as the parties

to the representation"). Plaintiff has failed to plead, even generally, the "who, what, when, where, and how" of the alleged fraud.

### 2. Plaintiff Fails to Plead a Claim for Racketeering

Plaintiff appears to allege a cause of action for racketeering through his "preliminary RICO case statement." *See* Compl. at p. 61. To sustain a claim for racketeering, Plaintiff must allege that Defendants engaged "in at least two crimes related to racketeering[1] that have the same or similar pattern, intents, results, accomplices, victims or methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated incidents[.]" *See* Nev. Rev. Stat. § 207.390. Here, Plaintiff merely alleges that Defendants "have shown violations of RICO, injury to property, and causation of the injury by the violations." *See* Compl. at p. 62. Plaintiff also allege a "pattern of frauds by the defendants." *Id.* Plaintiff has strung together legal citations, without pleading any actual facts, to allege that Aurora engaged in racketeering. It is unclear what relationship, if any, exists between Plaintiff and Aurora. Plaintiff's generalized allegations of misrepresentation and fraud are not sufficient to state a claim for RICO.

"The Ninth Circuit has recognized that the heightened pleading standards applicable to fraud claims under Rule 9(b) apply to a RICO alleging predicate acts of fraud." *See Moulton v. Eugene Burger Mgmt. Corp.*, 2009 U.S. Dist. 58675 *7 (D. Nev. 2009) (*citing Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991)). "According to the Ninth Circuit, pursuant to Rule 9(b) 'the pleader must state the time, place, and specific content of the false

---

[1] N.R.S. 207.360 defines "Crime related to racketeering." It means the commission of, attempt to commit or conspiracy to commit any of the following crimes: 1. Murder; 2. Manslaughter, except vehicular manslaughter as described in N.R.S. 484B.657; 3. Mayhem; 4. Battery which is punished as a felony; 5. Kidnapping; 6. Sexual assault; 7. Arson; 8. Robbery; 9. Taking property from another under circumstances not amounting to robbery; 10. Extortion; 11. Statutory sexual seduction;12. Extortionate collection of debt in violation of N.R.S. 205.322; 13. Forgery; 14. Any violation of N.R.S. 199.280 which is punished as a felony; 15. Burglary; 16. Grand larceny; 17. Bribery or asking for or receiving a bribe in violation of Chapter 197 or 199 of N.R.S. which is punished as a felony; 18. Battery with intent to commit a crime in violation of N.R.S. 200.400; 19. Assault with a deadly weapon; 20. Any violation of N.R.S. 453.232, 453.316 to 453.3395, inclusive, or 453.375 to 453.401, inclusive; 21. Receiving or transferring a stolen vehicle; 22. Any violation of N.R.S. 202.260, 202.275 or 202.350 which is punished as a felony; 23. Any violation of subsection 2 or 3 of N.R.S. 463.360 or Chapter 465 of N.R.S.; 24. Receiving, possessing or withholding stolen goods valued at $250 or more; 25. Embezzlement of money or property valued at $250 or more; 26. Obtaining possession of money or property valued at $250 or more, or obtaining a signature by means of false pretenses; 27. Perjury or subornation of perjury; 28. Offering false evidence; 29. Any violation of N.R.S. 201.300 or 201.360; 30. Any violation of N.R.S. 90.570, 91.230 or 686A.290, or insurance fraud pursuant to N.R.S. 686A.291; 31. Any violation of N.R.S. 205.506, 205.920 or 205.930; 32. Any violation of N.R.S. 202.445 or 202.446; or 33. Any violation of N.R.S. 205.377.

{LV017924;1}                        5

representations as well as the identities of the parties to the misrepresentation.'" *Id.*, (q*uoting Schreiber Distrib. Co. v. Serv-well Furniture Co., Inc.*, 806 F.2d 1393, 1399 (9th Cir. 1986)).

Plaintiff fails to plead this cause of action with the required particularity. He does not even allege a predicate act and fails to allege any crimes related to racketeering as defined by Nev. Rev. Stat. § 207.360 or any unlawful act as defined by Nev. Rev. Stat. § 207.40). Plaintiff's putative RICO claim fails as a matter of law.

### 3. Plaintiff Has Failed to Plead a Claim for Conspiracy

The caption of the complaint references "conspiracy." *See* Compl. at p. 1. Plaintiff appears to allege Defendants engaged in a "[c]onspiracy to interfere with civil rights." *Id.* at p. 53-54. However, Plaintiff fails to assert any facts (or even legal theories) to support this contention.

Under Nevada law, an actionable civil conspiracy-to-defraud claim exists when there is: (1) a conspiracy agreement; (2) an overt act of fraud in furtherance of the conspiracy; and (3) resulting damages to the plaintiff. *Jordan,* 110 P.3d 30 at 51*; see, also, Consol. Generator-Nevada, Inc., v. Cummins Engine Co.,* 114 Nev. 1340, 971 P.2d 1251 (1999); *Lopez v. Executive Tr. Servs., LLC,* Case No. 3:09-cv-374 (D.Nev. Jan. 12, 2010). "Thus, an underlying cause of action for fraud is a necessary predicate to a cause of action for conspiracy to defraud." *Id.*

#### a. Plaintiff Has Failed To Plead Conspiracy Properly

Plaintiff's conspiracy claim does not allege sufficient facts to show the existence of an illegal agreement among the defendants. A civil conspiracy is "a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Collins*, 662, P.2d at 622. In other words, there must be an agreement between the tortfeasors, whether explicit or tacit. *In re Koonce*, 262 B.R. 850, 861 (Bankr. D. Nev. 2001.) There is no separate cause of action for "civil conspiracy," however – the cause of action must be based on some independent, underlying wrong. *Paul Steelman Ltd. v. HKS, Inc.*, Case No. 2:05-CV-1330, 2007 WL 295610, at *3 (D. Nev. Jan. 26, 2007). Accordingly, "the act in furtherance of the conspiracy [must] constitute an actionable tort." *Eikelberger v. Tolotti*, 611 P.2d 1086, 1088 and n.1 (Nev. 1980).

///

Plaintiff alleges that Defendants engaged in a "[c]onspiracy to interfere with civil rights." *See* Compl. at p. 53 Plaintiff provide no "factual enhancement" of these bare allegations of a conspiratorial agreement that would render their claim plausible. In fact, Plaintiff provides no facts *at all* in support of his conspiracy claim. In short, Plaintiff does not allege facts showing the requisite details under Rule 9(b) for a fraud-based conspiracy claim—"the who, what, when, where, and how" of the conspiracy. *Vess*, 317 F.3d at 1106. The Court should dismiss Plaintiff's conspiracy claims for this reason alone. *Twombly*, 550 U.S. at 557 ("[A] conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.")(internal quotation omitted); *Kendall*, 518 F.3d at 1047-48 (affirming dismissal of conspiracy claim because the Plaintiff "pleaded only ultimate facts, such as conspiracy, and legal conclusions . . . [but] failed to plead the necessary evidentiary facts to support those conclusions").

### b. Plaintiff Fails To Plead An Actionable Underlying Tort

Mere allegations of conspiracy are insufficient to state a conspiracy claim under Nevada law. Rather, as stated above, the plaintiff must also allege the existence of an actionable underlying tort in order to state a claim. It appears that Plaintiff allege an interference with "civil rights" under 42 U.S.C. § 1985. *See* Compl. at p. 54. However, Plaintiff has failed to allege the existence of any such "rights," and the remainder of the Complaint offers no insight as to what "civil rights" Plaintiff could possibly be asserting. Plaintiff's claim for conspiracy must be dismissed.

### 4. Plaintiff Cannot Bring a Claim for Perjury

The caption of the Complaint references "perjury." *See* Compl. at p. 1. However, the rest of the complaint is devoid of any reference to facts or theories upon which Plaintiff relies in support of their perjury allegation. Further, even if Plaintiff did plead such facts, perjury does not constitute a cause of action upon which relief can be granted. Perjury is a crime; it is not a civil cause of action. *See* Nev. Rev. Stat. § 199.020. Although Nevada recognizes a cause of action for a person who has suffered injury as a result of perjury, there is no cause of action "unless the defendant has been convicted of the perjury or subornation of perjury which caused the injury." Nev. Rev. Stat. § 41.365. Plaintiff does not allege that any Defendant has been convicted of perjury, or that their alleged perjury caused any injury to Plaintiff. Plaintiff's perjury claim must be dismissed.

### 5. Plaintiffs' "Vapor Money" Theory is Meritless

Plaintiff alleges a "switch in currency" to support the theory cited in the Complaint that a lender has "no right to sell a mortgage note…" *See* Compl. at pp. 31-37. Although it is unclear what exactly Plaintiff alleges, as the Complaint makes no reference to any property, mortgage, or the Defendants at issue here, or to the relevant facts and circumstances surrounding the instant matter, it appears that the cited theory is similar to the "vapor money" fraud argument, which has been criticized and rejected by the courts. *See Wells Fargo Bank, NA v. Ward*, 2006 WL 3718337, at *3 - 4 (Ohio Ct. App. 2006). Under the vapor money theory, plaintiffs allege that a fraudulent promissory note they executed is the equivalent of "money" given to the bank. *Id.* Plaintiffs contend the bank may not foreclose on their mortgage because the promissory note satisfies their payment obligations to the bank because the bank "created" money during the initial loan transaction. This absurd "vapor money" theory has been consistently rejected by federal courts across the country. *Id.*; *Frances Kenny Family Trust v. World Savings Bank*, No. C04-03724 WHA, 2005 WL 106792 (N.D. Cal. Jan. 19, 2005) (sanctioning plaintiffs and rejecting their "vapor money" theory); *Carrington v. Fed. Nat'l Mortgage Ass'n,* No. 05-cv-73429-DT, 2005 WL 3216226, at 3 (E.D. Mich. Nov. 29, 2005) (finding "fundamentally absurd and obviously frivolous" plaintiff's claim that the lender unlawfully "created money" through its ledger entries); *United States v. Schiefen*, 926 F. Supp. 877, 880-81 (D.S.D.1995) (rejecting arguments that there was insufficient consideration to secure the promissory note, and that lender had "created money" by means of a bookkeeping entry).

### 6. Plaintiff's Securitization Argument is Meritless

The complaint, through its citation to an unrelated New York foreclosure matters, refers to Defendants "lack [of] standing to bring [a] foreclosure action." *See* Compl. at pp. 65-66. It is unclear what foreclosure action, if any, Plaintiff references, as the Complaint contains absolutely no facts about any loan, property, or foreclosure. Even if Plaintiff had included these minimal facts in the Complaint, such claims have been consistently rejected by the courts. Securitization of a loan does not diminish the underlying power of sale that can be exercised upon the trustor's breach. *Hafiz*

*v. Greenpoint Mortgage Funding, Inc*., 652 F.Supp.2d 1039, 1043 (N.D.Cal. 2009) (argument that power of sale is lost upon sale to a loan pool is "unsupported and incorrect"); *Benham v. Aurora Loan Servss LLC*, No. C-09-2059 SC, 2009 WL 2880232, at *3 (N.D.Cal. Sept. 1, 2009) (same); *see also Ritter v. Countrywide Home Loans, Inc.*, No. 2:10-cv-624, 2010 WL 2342535, at *1-2 (D.Nev. June 4, 2010) (argument that plaintiffs did not know owner of loan due to securitization did not entitle plaintiffs to a temporary restraining order). This theory fails because when a note is transferred, the security instrument automatically transfers with it. *Gomez v. Countrywide Bank, FSB,* No. CV-09-1489, 2009 WL 3617650, at *3 (D. Nev. Oct. 26, 2009) (citing *Rodney v. Ariz. Bank*, 836 P.2d 434, 436 (Ariz.App. 1992)); *see also In re Golden Plan of Cal., Inc.*, 829 F.2d 705, 708 n.2 (9th Cir. 1986). Plaintiff's theory that securitization of their loan provides a basis for relief remains meritless.

### D. Plaintiff Is Not Entitled to Punitive Damages

Plaintiff's request for punitive damages should be stricken. Rule 12(f) permits the striking of allegations that are "immaterial, impertinent or scandalous." The Court should strike the following parts of the complaint, both seeking punitive damages, because the complaint fails to set forth any claim for which such relief would be appropriate:

Line 4 of the "Conclusion" at p. 75

The only causes of action that could conceivably support punitive or exemplary damages, those alleging fraud and/or conspiracy, are improperly pled for the reasons previously set forth in this memorandum. This court should strike the punitive damages request as immaterial.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

{LV017924;1}                                    9

## IV.

## CONCLUSION

Plaintiff's Complaint is comprised of pure boilerplate conclusions, unadulterated by any facts. In addition to being devoid of any facts, it only references frivolous legal theories and is incomprehensible. Aurora respectfully request that this Court dismiss each of Plaintiff's claims and the Complaint with prejudice.

DATED this 12th day of January, 2011.

**AKERMAN SENTERFITT LLP**

/s/ Ariel Stern
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
CHRISTINE M. PARVAN, ESQ.
Nevada Bar No. 10711
AKERMAN SENTERFITT LLP
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Aurora Loan Services, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 12th day of January, 2011 and pursuant to Fed. R. Civ. P. 5(b), I served via CM/ECF and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing MOTION TO DISMISS postage prepaid (if necessary) to all parties listed on the U.S. District Court's CM/ECF system.

Marco Mendoza
3612 Berg Street
North Las Vegas, NV 89030

*Pro Se*

      /s/ Stacy Warner
An employee of AKERMAN SENTERFITT LLP

{LV017924;1}                                                     11