# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| MARCO MENDOZA, | ) | Case No.: 2:10-CV-02197-GMN-GWI |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| AURORA LOAN SERVICES, LLC; STATE | ) | |
| NEVADA; MARTIN L. WELSH; SUSAN | ) | |
| SMOTHERS, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant Aurora Loan Services, LLC's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (ECF No. 7).  Plaintiff filed a Response (ECF No. 10) and Defendant filed a Reply (ECF No. 11).

## FACTS AND BACKGROUND

This case apparently arises out of a foreclosure of Plaintiff's property however Plaintiff states no facts regarding any property or any foreclosure.  Instead the complaint is comprised of various articles, affidavits and other unidentifiable documents (which appear to be copied from the Internet and/or other unrelated litigation).  Plaintiff, in addition to suing Defendant, filed the suit against the State of Nevada, Martin L. Welsh and Susan Smothers.  To date, these three parties have not been served with a summons and complaint. (ECF No. 12).  Defendant waived its service by filing a Notice of Appearance of by an attorney on January, 11, 2011.  (ECF No. 6).  Defendant subsequently filed the instant Motion to Dismiss (ECF No. 7).

## ANALYSIS

**A.    Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action when the plaintiff fails to state a claim upon which relief can be granted. *See N. Star Int'l v.*

*Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, (2007).  In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986).

The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949(2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).

Thus, a complaint may be dismissed if it is so "verbose, confused and redundant that its true substance, if any, is well disguised." *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir.1969) (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.1965)). Such is the case with the Complaint currently before the Court.

If the court grants a motion to dismiss, it must then decide whether to grant leave to

amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227(1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.1992).

**B.    Discussion**

Plaintiff does not state any facts within the seventy-six page complaint that would put Defendants on notice of a claim.  If Plaintiff is indeed alleging causes of actions having to do with a loan and wrongful foreclosure, a description of the property and address would be helpful.  The Complaint begins with the following causes of action: RICO, Fraud, Bank Fraud, Conspiracy/Obstruction of Justice, Tax Fraud, Money Laundering, Wire Fraud, Perjury, U.S. Patriot Act Title III, Deprivation of Federally Protected Rights Title 42 U.S.C. 1983, 1981, 1985, 1988, Title 18 U.S.C. 241, 242, 1512, 1968, 1964.  Following the supposed causes of action are bits and pieces of cut and paste articles and other unidentifiable documents.  This does not set forth the elements of the causes of action and facts to satisfy each element.  Thus, Plaintiff's Complaint does not satisfy the Rule 8 and *Twombly/Iqbal* pleading standards and must be dismissed.  Plaintiff will have until close of business on June 28, 2011, to file an Amended Complaint.

<u>**CONCLUSION**</u>

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED** and the Plaintiff will have until <u>close of business on June 28, 2011</u>, to amend the Complaint.  The Motion to Dismiss (ECF No. 7) is **GRANTED** to the extent it conforms to this Order.  Plaintiff is advised to follow all of the relevant Local Rules and to lay out each of his causes of action--and the defendants that each applies to--in a coherent, systematic manner, being certain to allege facts

showing that such a cause of action is plausible, not just possible.

   **IT IS FURTHER ORDERED** that the Court **will cause** this dismissal to become **with prejudice** if Plaintiff does not file an Amended Complaint by <u>close of business on June 28, 2011</u>.

   **DATED** this 13th day of June, 2011.


_____
Gloria M. Navarro
United States District Judge